# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LALISA MYLES, as special administrator of the Estate of J.D. Myles, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 15 C 8804 |
| MERCY HOSPITAL AND MED. CTR., et al., | ) ) | |
| Defendants. | ) | |

## ORDER ON WEXFORD DEFENDANTS' MOTION TO DISMISS

Several newly-named defendants in this lawsuit, to whom the Court will refer as the Wexford defendants, have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff's claims against them in her fifth amended complaint. The Court orally denied the motion with regard to the Wexford defendants' statute of limitations defense, concluding that this could not be resolved at the pleading stage. Remaining for determination is the Wexford defendants' contention that plaintiff's healing-art malpractice claims against them do not meet the requirements of 735 ILCS 5/2-622.

All but one of the Wexford defendants who have moved to dismiss are nurses, and they contend that section 2-622 requires plaintiff to provide a report from a nurse, or at least a physician familiar with the standard of care for nursing. Their reliance on Illinois cases involving the admissibility of *trial testimony* by physicians about the standard of care for nursing is misplaced; here the Court is dealing not with trial testimony but with a statutory requirement for proceeding with a suit in the first place. And the language of section 2-622 that the nurse defendants rely upon does not support their argument about what the statute requires; the provision in section 2-622(a) that requires a report from a health professional "licensed in the same profession" as the defendant expressly applies only to a claim against a defendant "who is a physician licensed to treat human ailments without the use of drugs or medicines and without operative surgery, a dentist, a podiatrist, or a psychologist, or a naprapath." 735 ILCS 5/2-622(a). The Court finds persuasive Judge Sue Myerscough's decision in *Brito v.*

*Wexford Health Sources, Inc.*, No. 14-3282, 2015 WL 1500339 (C.D. Ill. Mar. 27, 2015), concluding that when a nurse's conduct is at issue, a report from a physician licensed to practice medicine in all its branches suffices. *Id.* at *3-4. The reports provided by plaintiff meet this and the other statutory requirements and also sufficiently describe familiarity with the standard of care. In this regard, the Court notes, as did Judge Myerscough, that the requirements of section 2-622 "are to be liberally construed and are not intended to create insurmountable pleading hurdles," and they do not rise to the level of substantive elements of a claim for healing art malpractice. *Id.* at *4.

    The Court reaches the same conclusion regarding the sufficiency of the report provided by plaintiff regarding the conduct of Dr. David, a physician employed by Wexford. The report adequately identifies the standard of care, what Dr. David allegedly did wrong, and what he should have done.

    For these reasons, the Court denies the Wexford defendants' motion to dismiss [dkt. no. 229]. The case remains set for a status hearing today as previously ordered.

Date: August 24, 2017

                                                _____
                                                     MATTHEW F. KENNELLY
                                                     United States District Judge